UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Alfredo PENA–GARZA,
Defendant–Appellant.

No. 05–41156.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Jose Alfredo Pena–Garza appeals his guilty plea conviction and sentence for illegal reentry after having been previously deported following a prior aggravated felony conviction. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconsti-tutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and contends that his challenge is not barred by the appeal-wavier provision in his plea agreement. The Government seeks enforcement of the waiver provision. We need not decide the applicability of the waiver language in Pena–Garza's plea agreement because the only issue that Pena–Garza raises is foreclosed.

Although Pena–Garza contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Pena–Garza properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.